US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED
MAY 18 2026
By Mistee Aaron
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**Fayetteville Division**

**JUSTIN D. COX** **PLAINTIFF**

**V.** **CASE NO.:** 5:26cv5111

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** **DEFENDANT**

**COMPLAINT FOR**
**DISABILITY BENEFITS UNDER ERISA**

Plaintiff Justin D. Cox, by and through his attorney, Marcus Vaden of Marcus Vaden Law, for his Complaint against the above-named Defendant, states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

2. Plaintiff seeks an order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare benefit plan. Specifically, Plaintiff seeks: (a) a declaration and enforcement of rights under the long term disability insurance policy at issue and the governing employee benefit plan, which is an "employee welfare benefit plan" as defined by ERISA; (b) reinstatement of benefits; (c) payment of all back benefits due, with prejudgment and post judgment interest; (d) enforcement of rights under the long term disability insurance policy and the governing employee benefit plan; (e) clarification of rights to future benefits under the long term disability insurance policy and the governing employee benefit plan pursuant to 29

U.S.C. § 1132(a)(1)(B); (f) appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and (g) an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)(1) and 1132(f).

4. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Plaintiff resides in Washington County, Arkansas, which lies within the Fayetteville Division of the Western District of Arkansas. Defendant The Lincoln National Life Insurance Company transacts business in this District, and the breach alleged, namely the denial of Plaintiff's claim for long term disability benefits, was communicated to Plaintiff in this District.

## PARTIES

5. Plaintiff Justin D. Cox is a former employee of Walmart Inc. and at all times relevant was a participant and beneficiary of the Group Disability Income Plan ("the Plan"). Plaintiff resides in Washington County, Arkansas.

6. The Plan is an employee welfare benefit plan established and maintained under ERISA. The Plan provides short term and long-term disability benefits to eligible employees and is governed by Group Disability Income Policy No. GD/GF3-850-290765-01, effective January 1, 2016.

7. Defendant The Lincoln National Life Insurance Company ("Lincoln") is a for profit insurance corporation licensed to transact insurance business in Arkansas. Lincoln is both the insurer that funds benefits under the Plan and the claim administrator that receives, evaluates, approves, denies, and reviews claims for benefits under the Plan, including initial determinations

and appeals. Because Lincoln both decides claims and pays benefits, Lincoln operates under a structural conflict of interest. Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). The decision to terminate Plaintiff's claim for long term disability benefits, which is the subject of this lawsuit, was made by Lincoln.

8. Lincoln is a fiduciary pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2).

## THE EMPLOYEE WELFARE BENEFIT PLAN

9. At all relevant times, Plaintiff was employed by Walmart Inc. in Arkansas and was a participant in the Plan under ERISA.

10. The Plan is governed by Group Disability Income Policy No. GD/GF3-850-290765-01, which became effective January 1, 2016, and is issued and underwritten by Lincoln.

11. The Plan Sponsor has delegated claim administration to Lincoln.

12. Lincoln is responsible for conducting the ERISA mandated claim evaluation, and final administrative review rests with Lincoln and with no other entity.

13. On information and belief, Lincoln has made all decisions regarding Plaintiff's claim for long term disability benefits in this case.

## HISTORY OF THE CLAIM

14. Plaintiff worked for Walmart Inc. until he became unable to continue working due to disabling medical and cognitive conditions.

15. At all times relevant, Plaintiff has met the Plan's definition of disability. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

16. Lincoln initially approved Plaintiff's claim for disability benefits, and Plaintiff received benefits under the Plan.

17. On January 15, 2025, Lincoln issued an Adverse Benefit Determination terminating Plaintiff's claim for long term disability benefits. Lincoln's claim file for this matter is identified by Claim No. 16525183.

18. On September 10, 2025, Plaintiff timely submitted a written appeal of the January 15, 2025 Adverse Benefit Determination.

19. Under 29 C.F.R. § 2560.503-1(i)(1) and (i)(3), Lincoln was required to issue a decision on Plaintiff's appeal within 45 days of receipt, or within 90 days if a proper extension was invoked. Lincoln's decision deadline expired on October 25, 2025. Lincoln did not issue a timely determination within that period.

20. Because Lincoln failed to comply with ERISA's procedural requirements during the claim and appeal process, Plaintiff's administrative remedies are deemed exhausted pursuant to 29 C.F.R. § 2560.503-1(l)(2)(i).

21. On November 19, 2025, Lincoln issued its final denial letter, upholding the termination of Plaintiff's long term disability benefits.

22. Lincoln violated the plain language of the Plan; 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1, including subsections (g), (h), (i), and (l); and its fiduciary duties under 29 U.S.C. §

1104. Among other violations, Lincoln failed to issue a timely decision on appeal, relied on a nurse reviewer rather than a health care professional with training and experience appropriate to Plaintiff's conditions, introduced new denial rationales on appeal that were not stated in the initial denial, failed to produce documents and medical reviews relied upon in the determination, and failed to provide a full and fair review.

23. Plaintiff has exhausted pre litigation remedies. That process ended by way of Lincoln's final denial letter dated November 19, 2025, and by operation of the deemed exhaustion rule at 29 C.F.R. § 2560.503-1(l).

24. Plaintiff is entitled to long term disability benefits under the Plan, including past due benefits, future benefits, prejudgment interest, post judgment interest, and attorney's fees pursuant to ERISA.

25. Plaintiff is entitled to these benefits because the benefits are permitted under the Plan, Plaintiff has satisfied all conditions precedent to eligibility, and Plaintiff has not waived or otherwise relinquished his entitlement to the benefits.

## STANDARD OF REVIEW

26. No deference is owed to Lincoln's denial. Lincoln failed to comply with ERISA's procedural requirements in processing Plaintiff's claim and appeal, and Plaintiff's remedies are therefore deemed exhausted under 29 C.F.R. § 2560.503-1(l). In addition, Lincoln operates under a structural conflict of interest because it both decides claims and pays benefits. For these reasons, this Court should review Plaintiff's claim de novo.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Justin D. Cox respectfully requests that this Court enter an Order declaring and granting the following:

1. That no deference is owed to Lincoln's decision to terminate Plaintiff's long term disability benefits, and that this Court review the denial de novo;

2. That Plaintiff is entitled to long term disability benefits under the Plan;

3. That Plaintiff is entitled to payment of all past due long term disability benefits and continuing monthly benefits under the Plan;

4. That Plaintiff is entitled to prejudgment and post judgment interest;

5. That Plaintiff is entitled to appropriate equitable relief under 29 U.S.C. § 1132(a)(3), including surcharge, estoppel, and reformation remedies as permitted by CIGNA Corp. v. Amara, 563 U.S. 421 (2011);

6. That Plaintiff is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

7. For all other relief to which Plaintiff may be entitled.

Respectfully submitted,

Marcus Vaden
Arkansas Bar No. 89126
Marcus Vaden Law
600 S. German Lane, Suite 102
Conway, AR 72034
(501) 329-8723
mvaden@marcusvaden.com
*ATTORNEY FOR JUSTIN D. COX, PLAINTIFF*